IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

RICHARD LYNN DOPP,           )
                             )
           Plaintiff,        )
                             )
v.                           )   Case No. CIV-14-961-D
                             )
JUSTIN JONES, *et al.*,      )
                             )
           Defendants.       )

# **O R D E R**

This matter is before the Court for review of the Report and Recommendation issued by United States Magistrate Judge Shon T. Erwin on September 19, 2014 [Doc. No. 7]. Judge Erwin recommends that Plaintiff's motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 be denied and that this action be dismissed without prejudice unless Plaintiff pays the $400 filing fee in full within 20 days of an order adopting the recommendation. Judge Erwin finds that Plaintiff is subject to filing restrictions under § 1915(g) and the allegations of his Complaint are insufficient to satisfy the statutory exception for cases "where the prisoner is under imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g). Plaintiff, who appears *pro se*, has filed a timely objection. Thus, the Court must make a *de novo* determination of portions of the Report to which a specific objection is made, and may accept, modify, or reject the recommended decision. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

As a preliminary matter, the Court notes a filing made contemporaneously with the objection entitled, "Combined Motion to Supplement, and Supplement to Brief-Show Cause, and Other Requested Relief" [Doc. No. 9]. It appears that Plaintiff is asking to supplement a prior brief that was submitted with his Complaint and was intended, in part, to show that he qualifies for the § 1915(g) exception. Plaintiff seeks to add recent grievance papers reflecting his unsuccessful efforts to obtain medical records to support allegations regarding a health problem involving his neck, and other documents that he believes are pertinent. Plaintiff also seeks to add legal arguments to support his assertion that § 1915(g) is unconstitutional. Although it is unclear whether the additional materials will affect a determination of the issues presented for decision, the Court is willing to include them in the record and consider them. Therefore, Plaintiff's Motion to Supplement is granted.

Turning to consideration of Plaintiff's objection, which is liberally construed due to his *pro se* status, the Court finds that Plaintiff's only objection to Judge Erwin's Report challenges the finding that "the Complaint reveals nothing that would demonstrate that the imminent danger of serious physical injury exception applies." *See* Report at 2. Review of all other issues addressed by Judge Erwin is waived. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also United States v. 2121 East 30th Street*, 73 F.3d 1057, 1060 (10th Cir. 1996).[1]

---

[1] To the extent Plaintiff intended his objection to include arguments in his Motion to Supplement that § 1915(g) is unconstitutional because it violates his First Amendment rights, this Court is bound by Tenth Circuit precedent finding the statute to be constitutional. *See White v. State of Colorado*, 157 F.3d 1226, 1233-35 (10th Cir. 1998) (finding § 1915(g) does not violate the First Amendment); *see also Kinnell v. Graves*, 265 F.3d 1125, 1128 (10th Cir. 2001) (finding First Amendment challenge foreclosed by *White*).

To satisfy the imminent-danger exception of § 1915(g), an inmate is "required to make 'specific, credible allegations of imminent danger' of serious physical harm." *See Hafed v. Federal Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011) (quoting *Kinnell v. Graves*, 265 F.3d 1125, 1128 (10th Cir. 2001)). "Every circuit to have decided the issue so far has concluded that the statute's use of the present tense shows that a prisoner must have alleged an imminent danger at the time he filed his complaint." *Id*. (citing cases). To meet the requirement, an inmate may not rely on vague or conclusory allegations, but must specify the facts on which the threat of imminent danger is based. *Id*. at 1180. The inmate "should identify at least 'the general nature of the "serious physical injury" he asserts is imminent.'" *Id*. (quoting *White v. Colorado*, 157 F.3d 1226, 1232 (10th Cir. 1998)). In making a determination, a court should consider the inmate's allegations "in his motion for leave to proceed ifp" and supporting papers, *id*.; courts may "look to the complaint, which we construe liberally and the allegations of which we must accept as true." *See Davis v. Rice*, 299 F. App'x 834, 835 (10th Cir. 2008) (internal quotation omitted); *see also Stine v. U.S. Fed. Bureau of Prisons*, 495 F. App'x 790, 793 (10th Cir. 2012).

Plaintiff asserts that Judge Erwin must not have read all of the materials submitted with his Complaint, which included a supporting brief with exhibits and Plaintiff's declaration.[2] Otherwise, Plaintiff believes that his factual allegations regarding the severity of his untreated medical and dental problems would have led Judge Erwin to conclude that

---

[2] Due to a clerical error, the declaration was not attached to the Complaint originally but was added on September 22, 2014, when the filing error was recognized and corrected.

he has satisfied the requirements of the statutory exception. In particular, Plaintiff emphasizes the severity of a spinal condition that causes headaches and pain; Plaintiff alleges "the medications provided by [Davis Correctional Facility] do not alleviate the unbearable pain and suffering of daily neck and headaches, and that said pain has progressed to [the] point of feeling like [Plaintiff's] brain is being slowly ripped from brain stem - spinal cord." *See* Pl.'s Objection [Doc. No. 10] at 3 (citing Compl. [Doc. No. 1], pp. 12-13; Pl.'s Brief [Doc. No. 1-1], pp. 4-5; Ex. A to Brief [Doc. No. 1-2], Decl. ¶¶ 2-5).[3]

The Complaint asserts two claims related to Plaintiff's confinement by the Oklahoma Department of Corrections ("DOC"). In his first claim, Plaintiff names a former DOC director, other DOC administrators, a former warden and employees of facilities where he was previously confined, and alleges a denial of due process arising from a disciplinary conviction of misconduct related to Plaintiff's release from the Lawton Correctional Facility in October, 2009, and placement at the Oklahoma State Penitentiary upon his return to custody in November, 2009. In his second claim, Plaintiff names two dentists, a health services administrator, and the warden of Davis Correctional Facility, and alleges a lack of treatment for his dental and medical problems beginning in July, 2013.[4] There is no apparent

---

[3] Plaintiff mentions his dental complaint only in a footnote, reminding the Court of a previous case involving a diagnosis of periodontal disease. *See* Pl.'s Objection [Doc. No. 10] at 3, n.3. A review of the Complaint, supporting brief, and Plaintiff's declaration do not reveal any specific facts regarding a current dental problem involving imminent danger of serious injury. Thus the Court, like Plaintiff, will focus on his medical condition.

[4] Plaintiff also names in each count a DOC employee who served as the director's designee as part of the administrative review process for inmate grievances. Neither of these employees is alleged to have any personal involvement in the underlying claims, and Plaintiff has no apparent claim against them. "The denial
(continued...)

4

relationship between these two claims. As pertinent to Plaintiff's claim of imminent danger of serious injury, the Complaint and supporting briefs address only Plaintiff's health conditions.

Plaintiff acknowledges that his complaints of headaches and severe pain in this case are similar to complaints he has made in prior cases in which he was denied *in forma pauperis* status. He asserts that this case is different, however, because he now has obtained a medical diagnosis regarding his pain complaints that was obtained through diagnostic tests, which included "a CT scan on 11-26-13 and MRI on 3-12-14." *See* Compl. [Doc. No. 1], p. 13. Also, Plaintiff makes specific allegations of what treatment has been denied, and the effect of the denial. *See Hafed*, 635 F.3d at 1180 (recommending "a specific reference as to which of the defendants may have denied him what medication or treatment for what ailment") (internal quotation omitted). According to the Complaint and supporting papers, as well as the supplemental materials, a bone in Plaintiff's neck has a protrusion that is rubbing against his spinal cord, and the condition requires surgical treatment by a neurosurgeon. Plaintiff allegedly was promised an appointment with a surgeon that was first scheduled for May, 2014, and later rescheduled to occur by August, 2014, but to date he has received only another promise of an appointment at OU Medical Center. Plaintiff alleges that the delay causes him to suffer severe and constant pain, and may result in permanent

---

[4](...continued)
of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Stewart v. Beach*, 701 F.3d 1322, 1328 (10th Cir. 2012) (internal quotation omitted).

nerve damage or even paralysis. *See id*. In light of these specific allegations, which must be accepted as true, the Court finds that Plaintiff has sufficiently alleged an imminent danger of serious injury based on a severe medical condition that remains untreated. Regardless of Plaintiff's history of meritless filings, "the standard for assessing allegations of 'imminent danger' does not necessarily depend on the past conduct of the prisoner." *See Stine*, 465 F. App'x at 793. Because Plaintiff's allegations are facially sufficient, he will be provisionally granted leave to proceed under § 1915(g). *See id*. 794 n.4 (granting *in forma pauperis* status based on inmate's allegations "does not necessarily end the duty (or ability) of the district court to test the pro se plaintiff's allegations of 'imminent danger' through PLRA's screening provisions;" facially plausible allegations are subject to challenge).

The Court reaches a different conclusion concerning Plaintiff's ability to proceed under § 1915(g) on the first claim asserted in the Complaint. By joining two entirely separate claims in one pleading, Plaintiff has failed to comply with Rules 18 and 20, Fed. R. Civ. P., regarding joinder of claims and parties.[5] The Court notes that Plaintiff has repeatedly brought his first claim, or a similar one, in numerous prior cases that have been dismissed without prejudice. *See Dopp v. Jones*, Case No. CIV-10-1198-D, Compl. (W.D. Okla. Nov. 4, 2010) (voluntarily dismissed after magistrate judge found plaintiff subject to § 1915(g)); *Dopp v. Jones*, Case No. CIV-11-306-D, Compl. (W.D. Okla. March 11,

---

[5] Rule 18(a) only allows a party to join "as independent or alternate claims, as many claims as it has against an opposing party." Rule 20 only allows the joinder of several defendants if the claims "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences," and there is a "question of law or fact common to all defendants." While joinder is encouraged for purposes of judicial economy, the federal rules do not contemplate the joinder of "different action[s] against different parties" that present "entirely different factual and legal issues." *Trail Realty, Inc. v. Beckett*, 462 F.2d 396, 400 (10th Cir. 1972).

2011) (dismissed for failure to pay filing fee); *Dopp v. Jones*, Case No. CIV-11-1495-D, Compl. (W.D. Okla. Dec. 21, 2011) (filing fee paid; dismissed under Rule 41(b) for failure to file a pleading that satisfied Rule 8(a)); *Dopp v. Jones*, Case No. CIV-12-703-D, Pet. (W.D. Okla. June 21, 2012) (§ 2241 habeas action; dismissed for lack of a habeas remedy), *aff'd*, No. 14-6025 (10th Cir. April 16, 2014); *Dopp v. Patton*, Case No. CIV-14-453-D (W.D. Okla. May 2, 2014) (same). Plaintiff should not be allowed to avoid the filing restrictions of § 1915(g) by improperly joining in this action an unrelated claim that does not satisfy the imminent danger exception.

Other courts have reached this same conclusion in prisoner cases subject to the Prison Litigation Reform Act ("PLRA"). "Requiring adherence in prisoner suits to the federal rules regarding joinder of parties and claims . . . prevents prisoners from 'dodging' the fee obligation and '3-strikes' provision of the PLRA." *Green v. Denning*, No. 06-3298-SAC, 2009 WL 484457, *2 (D. Kan. Feb. 26, 2009). *See Muhmmad v. Stanford*, 2012 WL 112199, *2 (W.D. Va. Jan. 12, 2012) ("To allow Muhammad to essentially package many lawsuits into one complaint would undercut the PLRA's three-strikes provision and its filing fee requirement."); *Muehl v. Thurmer*, No. 09-cv-16-bbc, 2009 WL 249978, *2 (W.D. Wis. Feb. 2, 2009) (requiring prisoner to choose which of several lawsuits combined in one complaint he would pursue under his approved § 1915 motion); *Pruden v. SCI–Camp Hill*, No. 3:CV-07-0604, 2007 WL 1490573, *2 (M.D. Pa. May 21, 2007) ("In being permitted to combine in one complaint several separate, independent claims, Plaintiff is able to circumvent the filing fee requirements of the PLRA."); *see also George v. Smith*, 507 F.3d

7

605, 607 (7th Cir. 2007) (district court should have questioned joinder; by combining unrelated claims against different defendants that belonged in different lawsuits, defendant "was not only trying to save money but to dodge [the three-strikes] rule"); *Patton v. Jefferson Corr. Center*, 136 F.3d 458, 464 (5th Cir.1998) (discouraging "creative joinder of actions" by prisoners attempting to circumvent the PLRA's three-strikes provision).

Accordingly, Plaintiff will not be authorized to proceed *in forma pauperis* on his present Complaint because it improperly joins together separate claims and defendants, and an imminent danger is alleged to exist as to only one claim. Plaintiff will instead be given an opportunity to file an amended complaint within 20 days from the date of this Order. The amendment authorized by the Court must comply with the federal joinder rules, and shall omit Plaintiff's separate and independent claim for which no imminent danger of severe physical injury is alleged to exist. Further, the amended complaint must be complete in all respects. It must be a new pleading that stands by itself without reference to the Complaint, briefs, attachments, or supplements already filed. If Plaintiff fails to timely file an amended complaint, or files an amended complaint that improperly joins disparate claims, the entire action may be dismissed without prejudice.

Therefore, upon *de novo* review of the issues, the Court declines to adopt the Report and Recommendation. Plaintiff will be granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 based on the second claim asserted in the Complaint and allegations showing an imminent danger of serious physical injury with regard to his medical condition, provided he files an amended complaint that omits the first claim, which is a separate and

distinct claim as to which no imminent danger exists. Upon filing of an amended complaint in compliance with this Order, Plaintiff will be required to make an initial partial payment in the amount of $4.23, which represents 20 percent of the greater of the average monthly deposits or average monthly balance in the prisoner's account for the six month period immediately preceding the filing of this action, as shown by his motion. *See* 28 U.S.C. § 1915(b)(1). Further, after payment of the initial filing fee, Plaintiff will be required to make monthly payments of 20 percent of the preceding month's income credited to his prison account until the $400.00 filing fee for this action is paid in full. *See id*. § 1915(b)(2). Plaintiff may elect to voluntarily dismiss this action within the 20-day period for compliance with this Order, and no payment obligation will be imposed.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 7] is not adopted. Plaintiff's Applications for Leave to Proceed In Forma Pauperis [Doc. Nos. 2 and 6] are GRANTED, provided that Plaintiff files an amended complaint within 20 days of this Order, as set forth herein.

IT IS FURTHER ORDERED that Plaintiff's Motion to Supplement [Doc. No. 9] is GRANTED. The materials submitted with the Motion have been considered. No additional supplement is needed or authorized.

IT IS SO ORDERED this 10th day of October, 2014.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE