IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

RICHARD LYNN DOPP,     )
     )
     Plaintiff,     )
     )
v.     )     Case No. CIV-14-961-D
     )
JUSTIN JONES, *et al.*,     )
     )
     Defendants.     )

# O R D E R

Before the Court is Plaintiff's Motion to Reconsider/Show Cause, and/or Motion for

Extension of Time [Doc. No. 12], filed *pro se* on October 23, 2014. The Motion seeks relief

from the Order of October 10, 2014, which conditionally granted Plaintiff leave to proceed

*in forma pauperis* (IFP) pursuant 28 U.S.C. § 1915 provided he files an amended complaint

that omits an improperly joined claim as to which no imminent danger of serious physical

injury exists.[1]

Plaintiff first asks the Court to reconsider its determination that he cannot proceed IFP

on the first claim asserted in the Complaint. "The Federal Rules of Civil Procedure do not

recognize a 'motion to reconsider.'" *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th

Cir. 1991); *see Warren v. American Bankers Ins.*, 507 F.3d 1239, 1243 (10th Cir. 2007).

However, a district court has inherent power to revise interlocutory orders at any time before

---

[1] Plaintiff is subject to filing restrictions under § 1915(g) and seeks to proceed under the statutory exception for cases "where the prisoner is under imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g). The Court found that Plaintiff had sufficiently made "specific, credible allegations of imminent danger of serious physical harm" with regard to an untreated health condition to satisfy *Hafed v. Federal Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011).

the entry of a final judgment. *See Warren*, 507 F.3d at 1243; *Riggs v. Scrivner, Inc.*, 927 F.2d 1146, 1148 (10th Cir. 1991). "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted); *see Van Skiver*, 952 F.2d at 1243.

Plaintiff contends there is a split of authority, and no binding precedent, on the issue of whether a prisoner seeking to avoid filing restrictions under the exception of § 1915(g) "should be allowed to proceed IFP on additional claims outside of those qualifying for the three-strikes exception." *See* Motion, p.1. Plaintiff provides legal authority for the proposition that "qualifying prisoners can file their entire complaint IFP, the exception does not operate on a claim-by-claim basis." *Id.* (citing *Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007)). This argument misapprehends the basis of the October 10 ruling, but the confusion is understandable in light of imprecise use of the word "claim" in the Order.

The Court did not mean to suggest a claim-by-claim analysis. The problem with Plaintiff's Complaint is that it improperly joins two different, unrelated lawsuits in one pleading – a prior action first filed in 2010 against individuals allegedly responsible for a denial of due process in a disciplinary matter, and a current action against individuals allegedly responsible for medical care issues encountered in 2013 at his present place of confinement. The Court stands by its conclusion that Plaintiff may not avoid the filing restrictions of § 1915(g) by improperly joining two unrelated actions in one pleading and he is entitled to proceed IFP only for an action that satisfies the imminent danger exception.

*See*, *e.g.*, *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011) ("Complaints like this one [improperly joining claims and defendants] should be rejected . . . .").

In support of reconsideration, Plaintiff also states a belief that he may have conceived a way to join the two actions in one pleading in compliance with Rules 18 and 20, Fed. R. Civ. P. As the Court understands Plaintiff's argument, he proposes to link the disciplinary conviction, which resulted in a maximum security classification, with conditions of confinement under maximum security, which may exacerbate his medical and dental problems. The Court's direction to file an amended complaint was not an invitation for more creative pleading. The October 10 Order was clear that the amended complaint to be filed "shall omit Plaintiff's separate and independent claim for which no imminent danger of severe physical injury is alleged to exist." *See* 10/17/14 Order [Doc. No. 11], p. 8. The Court's reference to a "claim" was based on the fact that the Complaint sets out two causes of action: Count I against Defendants Jones, Blevins, Manuel, Roberts, Workman, Apala, Crenshaw, and Morton, with supporting facts stated in pages 10-12; and Count II against Defandants Brisolara, Bevan, Larimar, Wilkenson, and Knutson, with supporting facts stated in pages 12-13. *See* Compl. [Doc. No. 1], pp.5, 10-13. There is no relationship between the two counts, and an imminent danger of serious physical harm is alleged only as to Count II. *See id.*, pp. 12-13. Thus, Plaintiff is entitled to proceed IFP under the statutory exception only with respect to the action described in Count II.

Upon review of the October 10 Order, however, the Court has found one clear error. The Court incorrectly stated that upon compliance with the directive to amend his pleading,

Plaintiff will be required to make partial payments until the $400.00 filing fee is paid in full. The filing fee for a person granted IFP status under § 1915 is $350.00. *See* 28 U.S.C. § 1914(a); Judicial Conf. Sched. of Fees, Dist. Ct. Misc. Fee Sched. ¶ 14. Therefore, to this limited extent, Plaintiff's request for reconsideration of the October 10 Order is granted.

Plaintiff makes an alternative motion for an extension of time to file the amended complaint required by the October 10 Order. Plaintiff requests an additional 20 days because he was not provided a § 1983 complaint form and prison officials have refused to provide one. Plaintiff states that he has requested a form from the Clerk's office, and needs sufficient time to prepare it. Upon consideration of this request, the Court finds that Plaintiff should be granted 20 days from the date of this Order to file his amended complaint.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Reconsider/Show Cause and/or Motion for Extension of Time [Doc. No. 12] is GRANTED in part and DENIED in part, as set forth herein. Plaintiff shall file an amended complaint in compliance with the Order of October 10, 2014, within 20 days from the date of this Order.

IT IS SO ORDERED this 6th day of November, 2014.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE