IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RICHARD LYNN DOPP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-14-961-D |
| | ) | |
| JUSTIN JONES, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

# **O R D E R**

This matter is before the Court for review of the Report and Recommendation issued by United States Magistrate Judge Shon T. Erwin on December 24, 2014 [Doc. No. 17]. Judge Erwin recommends that this action be dismissed without prejudice to refiling due to Plaintiff's failure to pay the initial partial filing fee of $4.23 required by the Court's Order of November 7, 2014. *See* Order for Payment of Inmate Filing Fee [Doc. No. 15]. Plaintiff was ordered to make the required payment or to show cause in writing for his failure to pay by December 1, 2014. Judge Erwin also recommends that Plaintiff's Motion to Alter or Amend as to IFP Filing Fee [Doc. No. 16] be denied.

Plaintiff, who appears *pro se*, has filed a timely objection to the Report. Thus, the Court must make a *de novo* determination of portions of the Report to which a specific objection is made, and may accept, modify, or reject the recommended decision. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Plaintiff contends that Judge Erwin failed to fully consider his Motion and supporting attachments, by which Plaintiff sought to show that prison officials had obstructed his efforts to pay the $4.23 filing fee and requested that the Court either order prison officials to transmit the filing fee from his "gang pay" (as they had previously done for another case) or relieve Plaintiff of the obligation to pay the fee. What the Motion shows, however, is that Plaintiff began requesting payment of the $4.23 fee as soon as the Court conditionally granted him leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, provided he filed an amended complaint as directed by the Court. *See* Order of Oct. 10, 2014 [Doc. No. 11], pp.8-9. The Amended Complaint was not filed of record until November 5, 2014, and the Order for Payment of Inmate Filing Fee was issued November 7, 2014. The papers submitted with Plaintiff's Motion show no effort to comply with the Order after November 7, 2014.[1]

With his Objection, Plaintiff submits additional papers showing he filed a request to staff and a grievance regarding payment of the fee. The grievance concerned the prison officials' failure to process his prior request to pay the fee from his "gang pay" and the alleged interference with his lawsuit. The grievance response was that an investigation of the matter showed the need for a court order directing the payment be made. *See* Objection, attach. 3 [Doc. No. 18-3]. Plaintiff stands on his position that he did submit a court order.

---

[1] Notably, the reason why his October 22 request was not processed was due to the lack of a court order "showing that [he was] required to send this filing fee." *See* Motion, attach. 3 [Doc. No. 16-3]. Plaintiff then submitted another request on November 5 saying that he had already submitted a court order, he was getting "the run around," and stating: "I wash my hands of this." *Id.* attach. 4 [Doc. No. 16-4].

However, there is no evidence that he submitted the Court's November 7 Order directing that the payment be made because it does not appear that he made any request for disbursement of funds since the November 7 Order was issued.

Accordingly, the Court finds that Judge Erwin is correct. Almost two months after the initial partial payment of $4.23 was due, Plaintiff still has not paid the required fee, and he has not shown good cause for his failure to pay. Plaintiff does not contend that he cannot pay the fee; he apparently prefers to complain about the prison's rules regarding fee disbursements rather than to comply with them. The Court cannot agree with Plaintiff that he bears no fault in the nonpayment of the fee, as he now contends. Further, Plaintiff was given ample time and opportunity to make the required payment, and he was expressly advised that nonpayment could result in dismissal of his case. Under these circumstances, the Tenth Circuit has held that it is within a district court's discretion to dismiss the action. *Kennedy v. Reid*, 208 Fed. App'x 678, 679 (10th Cir. 2006); *see also Cosby v. Meadors*, 351 F.3d 1324, 1331-32 (10th Cir. 2003). Dismissal is particularly appropriate in this case because Plaintiff is a frequent litigant in this and other federal courts. He is familiar with the Court's procedural rules and the prison's requirements regarding payment requests.[2] Plaintiff's failure to comply with them does not warrant relief from the payment requirement of § 1915(b)(1) or the Court's November 7 Order.

---

[2] Most recently, on May 29, 2014, Plaintiff successfully paid the $5.00 filing fee for a habeas corpus petition. *See Dopp v. Patton*, Case No. CIV-14-453-D (W.D. Okla. May 29, 2014).

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 17] is ADOPTED. This action is dismissed without prejudice to refiling due to Plaintiff's nonpayment of the required filing fee. A separate judgment of dismissal shall be entered.

IT IS SO ORDERED this  30th  day of January, 2015.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE